# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONNELL FLORA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15 C 1127 |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, Donnell Flora, is a paraplegic who is confined to a wheelchair. He is unable to care for himself without assistance. For example, he is able to use a toilet independently only if he is provided with a raised toilet with grab bars. He also needs significant accommodations in order to use a shower. He has sued the Sheriff of Cook County and the County under Title II of the Americans with Disabilities Act (ADA), alleging that his rights under the ADA were violated when he was incarcerated as a pretrial detainee at the Cook County Jail and when he was transported to the Leighton Courthouse for hearings on his criminal case. The Court entered summary judgment in Flora's favor as to liability on some aspects of his claim. *See Flora v. Dart*, No. 15 C 1127, 2017 WL 2152392 (N.D. Ill. May 17, 2017). What remains for trial is the issue of liability on the remainder of his claim, and the issue of damages. The case is set for trial on October 12, 2017.

At a recent status hearing, defendants took the position that the Prison Litigation

Reform Act (PLRA) prohibits Flora from recovering damages for emotional distress. The Court understood defendants to be seeking to bar evidence of emotional distress damages and directed them to file an appropriate motion. Defendants' filing, however, was not what the Court expected; they do not ask the Court to preclude anything. As will become apparent, both defendants' submission and Flora's response are insufficient to permit the Court to rule definitively on anything at this point.

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Though there is no definitive authority from the Seventh Circuit, *but see Staggs v. Hollenbeck*, 249 F.3d 1159, 2000 WL 1763357, at *5 (7th Cir. 2000) (unpublished), other circuits have ruled that the statute requires "less-than-significant-but-more-than-*de minimis*" physical injury in order to permit recovery of emotional distress damages. *See, e.g., Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003).

At the aforementioned status hearing, defendants seemed to be contending that Flora cannot meet this threshold. But their subsequent filing does not seek a pretrial ruling barring emotional distress damages. Rather, defendants contend only that the issue of whether Flora clears the *de minimis* threshold should be submitted to the jury at trial. Flora argues that it is an issue for the Court to decide either before or during trial.

Neither side has done much of a job briefing the issue of who decides the point. Defendants argue only that the issue is a question of fact, evidently assuming that if it is, then the issue is one for the jury. This is a *non sequitur*, as illustrated by another

provision of the PLRA, the exhaustion requirement found in 42 U.S.C. §1997e(a). Exhaustion frequently involves factual questions, but its determination is indisputably an issue for the Court. Defendants offer no authority one way or another regarding whether the *de minimis* threshold is an issue for the jury.[1]

Nor does Flora. He seems to contend that the matter is not legitimately disputed. Specifically, he contends that because he has testified that he fell in the shower while attempting to transfer to a portable shower chair and was then treated by a doctor, the physical injury requirement of section 1997e(e) has been established. But Flora did not seek summary judgment on this point, and the Court is not prepared to say that the matter is beyond dispute. (The Court does note, however, that if it is *in fact* undisputed—or if it is demonstrated—that Flora fell and required treatment by a physician, that likely will be enough to clear the "less-than-significant-but-more-than-*de minimis*" threshold.) On the court-vs.-jury issue, Flora, like defendants, offers no authority establishing that the issue of whether the threshold is met, even if disputed, is for the Court to decide, not the jury.

The Court would prefer not to strike out on its own to decide this issue. The parties are directed to submit, by no later than 9/27/2017, supplemental memoranda of not more than 8 pages focused on the court-vs.-jury issue. If there is no authority directly on point, the parties should consider, among other things, appropriate analogies, as well as, of course, the effect of the Seventh Amendment (if any).

One final point. The law is clear that even if Flora ultimately cannot recover

---

[1] Defendants suggest that Flora's own testimony cannot suffice to establish the necessary threshold under section 1997e(e) because it is "self-serving," but that argument is frivolous.

emotional distress damages, the PLRA permits him to seek and recover nominal and punitive damages, *Washington v. Hively*, 695 F.3d 641, 644 (7th Cir. 2012), as well as an injunction if appropriate. *Thomas v. State of Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). Defendants have offered no authority supporting the proposition that nominal damages are unavailable under the ADA. Under the PLRA, the amount of damages awarded may impact any award of attorney's fees, *see* 42 U.S.C. § 1997d, but that is an issue for another day.

The ruling date of 9/21/2017 is vacated and is converted to a status hearing on that same date at 8:30 a.m., in chambers (Room 2188), so that the Court can discuss with the parties issues regarding accommodations for Flora during the trial.

Date: September 19, 2017

```
                                    _____
                                         MATTHEW F. KENNELLY
                                         United States District Judge
```