UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNELL FLORA, ) | |
| ) | 15 cv 1127 |
| Plaintiff, ) | |
| ) | Honorable Matthew F. Kennelly |
| vs. ) | |
| ) | |
| THOMAS DART, SHERIFF OF COOK COUNTY,) | |
| AND COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT COOK COUNTY'S RESPONSE TO
### PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND EXPENSES

NOW COMES Defendant COOK COUNTY, by and through Special Assistant State's Attorney, Gerald M. Dombrowski of SANCHEZ DANIELS & HOFFMAN LLP and in response to Plaintiff's Petition for Attorney's Fees and Expenses, states as follows:

### I. INTRODUCTION

The Plaintiff brought this matter against Defendants pursuant to the Americans with Disabilities Act (ADA) and seeks attorney's fees and costs under 42 U.S.C. §12205. The Defendants assert that Plaintiff cannot be considered a prevailing party here given the very small recovery and the Plaintiff's agreement to vacate his own order of summary judgment against Defendants. In the alternative, if this Court deems the Plaintiff a prevailing party entitled to attorney's fees and costs, those fees and costs should be significantly limited pursuant to the Plaintiff's lack of success on the merits and the Defendants' well-founded objections to those fees and costs.

(redacted, confidential)

On October 12, 2017, the parties agreed to settle the Plaintiff's suit for ▓▓▓▓▓. (See attached Settlement Agreement and General Release, incorporated herein as Defendant's Exhibit

A.) The Plaintiff's initial demand was $60,000.00, but Plaintiff's counsel dramatically reduced that demand and ultimately settled for the much smaller amount before jury selection. Moreover, on the same day, the Plaintiff and his attorneys also agreed to vacate the order of summary judgment in Plaintiff's favor rendered by the Court on May 17, 2017. (See Order of Court vacating summary judgment, ECF No. 206.)

It is well established that a plaintiff must be a prevailing party to recover attorney's fees and that a typical formulation for prevailing parties to be entitled to attorney's fees is if they succeed on any significant issue in the litigation which achieves some benefit the party sought in bringing suit. *Hensley v. Eckerhart, 461 U.S. 424, 432, 103 S.Ct. 1933, 1939 (1983)*. A plaintiff prevails within the meaning of the civil rights attorney's fees provision when actual relief on the merits of a claim materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits the plaintiff. *Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 573 (1992)*. Here, the nominal recovery of ███ (redacted, confidential) coupled with the Plaintiff's agreement to vacate his order of summary judgment on liability establishes that he cannot be considered a prevailing party. The Seventh Circuit considers three factors, sometimes called the "*Farrar* factors", to determine whether a small damages award is nonetheless significant enough to award the award of attorney's fees: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which a plaintiff prevailed; and (3) the public purpose of the litigation. *Johnson v. Daley, 339 F.3d. 582, 609 (7th Cir. 2003)*.

If this Court deems the Plaintiff a prevailing party, the attorney's fees and costs claimed by Plaintiff's counsel here should be significantly reduced pursuant to the Defendant's objections and an overall lack of success on the merits. Even with Plaintiff's counsel's agreed cuts in their

2

Petition for fees, the total amount of fees and costs requested is $227,077.86. This request is more than ~~(redacted, confidential)~~ the recovery agreed to by the Plaintiff and his attorneys. Such a request is wholly unsupported and excessive.

While there is no algorithm available for adjusting the lodestar figure to reflect partial or limited success in a civil rights action; when the judge cannot easily separate successful work and unsuccessful work, there is nothing to do but to make an across the board reduction that seems appropriate in light of the ratio between winning and losing claims. *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014).

Here, if the Court deems an award appropriate, the Defendants assert that only $142,100.30 of the Morrissey firm's attorney's fees is compensable along with costs of $4,998.70. (See Amended Joint Statement, incorporated herein as Defendants' Exhibit B.[1]) Defendants further suggest, given the lack of success on the merits and minimal result obtained for the Plaintiff himself, that the total amount of $147,099.00 be reduced by fifty percent (50%), to $73,549.50. (See Defendants' Exhibit B.)

Further, Defendants request that the Flaxman firm be awarded no attorney's fees given that their initial billing record was without any discernable detail and that their second billing statement is an alteration of the first and was created only after the Defendants filed their initial objections. (Plaintiff's Exhibit 12, pp. 2-3.) Moreover, even though Kenneth Flaxman agreed to reduce his hourly rate to that of Tom Morrissey to $575, both of the Flaxman billing sheets continue to show a request of $750 for Kenneth Flaxman. *Id.* Furthermore, the Flaxman firm's billing provided no discernable benefit to the success of the case.

---

[1] Original Joint Statement erroneously had Patrick Morrissey's agreed hourly rate at $375; the agreed rate is $285.

A.   **The Plaintiff Is Not A Prevailing Party In This Matter**

Liability on the merits and responsibility for fees go hand and hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, federal law does not authorize a fee award against that defendant. *Farrar at 109-110.* Further, respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail and the plaintiff is required to provide the settling of some dispute which affects the behavior of the defendant towards the plaintiff. *Hewitt v. Helmes, 482 U.S. 755, 759-760, 107 S.Ct. 2672 (1987).* The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. *Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 792-793, 109 S.Ct. 1486 (1989).*

Here, not only is the settlement amount of ▮(redacted, confidential)▮ quite small given the asserted work performed by Plaintiff's counsel and the initial demand, but Plaintiff's counsel's agreement to vacate an apparently hard-fought order of summary judgment establishes that there was no actual success on the merits. Although the small amount of settlement may not be considered entirely nominal, Plaintiff's counsel's willingness to walk away from a significant order by this Court on liability plainly reveals that the Plaintiff's attorneys were not interested in the merits of the matter or the actual success the Court initially awarded to the Plaintiff. Rather, they appear only to be concerned with the fees and costs they wish to collect on their claimed work.

Moreover, the disproportionality is evident in Plaintiff's counsel requests for fees and costs of $227,077.86. The Plaintiff here only recovers ▮(redacted, confidential)▮ of his attorney's requested fees and costs. In retrospect, it may be reasonably seen as a case filed only to benefit Plaintiff's counsel while leaving the Plaintiff's prior legal success by the wayside.

4

Thus, given the totality of the circumstances and the settlement agreed to by Plaintiff's counsel, the Plaintiff should not be considered a prevailing party and no costs or fees should be awarded to his attorneys.

### B. If The Court Deems The Plaintiff A Prevailing Party Entitled to Fees And Costs, Those Fees And Costs Should Be Significantly Reduced

In determining a reasonable attorney's fees for a prevailing party in a civil rights action, the court should consider (1) time and labor required; (2) novelty and difficulty of questions; (3) skill requisite to perform legal service properly; (4) preclusion of employment by attorney due to acceptance of case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and result obtained; (9) attorneys' experience, reputation and ability; (10) undesirability of case; (11) nature and length of professional relationship with client; and (12) awards in similar cases. *Wells v. City of Chicago, 925 F.Supp. 2d 1036 (N.D.Il. 2013), citing Hensley at 433.* The actual calculation of attorney's fees sought is generally described as the lodestar approach and is determined by the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *Pickett v. Sheridan Healthcare Center, 664 F.3d, 632, 639 (7th Cir. 2011).*

Both the Morrissey firm and the Flaxman firm assert that they are very experienced civil rights attorneys who apparently have a firm grasp on all legal issues involved in an ADA matter such as this. Thus, the time and labor required would not be as extensive as a novice attorney given their claimed knowledge. Therefore, the amount these experienced civil rights attorneys spend on certain tasks would certainly be less than would be expended by an inferior or less experienced attorney. Moreover, the Plaintiff's attorney's hourly rates apparently reflect their experience in these types of cases. Such experience should not result in grossly inflated bills such

as are before the Court. Further, claims made in the Plaintiff's Complaint do not rise to the level of a complex matter but are fairly straightforward claims of statutory ADA violations.

Regardless, the Morrissey firm is claiming 528.68 attorney hours as reasonable in addition to 40.10 hours of paralegal work. (Plaintiff's Petition, p. 19.) Further, the Flaxman firm asserts that 18.75 attorney hours expended in the early part of the case is reasonable. As to the Morrissey firm's claim, 528 hours is clearly excessive. Defendants stand by all of their objections as detailed in Defendants' Amended Objections. The Morrissey firm's hours, as specifically detailed by the Defendants, are duplicative, unnecessary, and excessive. Further, all of the hours expended on Plaintiff's Motion for Summary Judgment are of no value and should be stricken. (See attached Defendants' Amended Objections incorporated herein as Defendants' Exhibit C[2] and the Amended Joint Statement, Defendants' Exhibit B.)

As to the Flaxman firm's billing, defense counsel, prior to filing Defendants' Objections, contacted Kenneth Flaxman and informed him that his firm's billing itemization was inadequate and lacked detail. In response, Kenneth Flaxman stated he did not see the need to alter the firm's billing sheet in any way and further asked for similar hourly rates to the Morrissey firm. (See attached email chain incorporated herein as Defendants' Exhibit D.) Following that exchange and the Defendants' filing of their original Objections, the Flaxman firm filed a second, more detailed billing sheet. (See Plaintiff's Petition, Exhibit 12, pp. 2-3.) The Flaxman firm altered its billing after the Defendants' Objections and for this reason, coupled with the original lack of detail, the Flaxman firm's billing should not be considered by this Court as compensable.

Furthermore, a 50% reduction in the attorney's fees requested by the Morrissey firm is reasonable and warranted. In *Montanez,* a case also cited by Plaintiff, the plaintiff won a small

---

[2] Defendants' Exhibit C amends Defendants' original objections to correct mathematical discrepancies regarding the claimed attorney's fees.

6

verdict of $2,000.00 in an uncomplicated excessive-force case. The plaintiff's attorneys asked for $217,110.50 in attorney's fees following the jury's verdict. *Id. at 552*. The trial judge reduced the lodestar amount by 50% and awarded only $108,350.87 in attorney's fees and also reduced the plaintiff's costs by approximately 35%. *Id.* The court, in affirming the trial court's reduction of the plaintiff's lodestar figure by 50%, held that the trial judge did not abuse her discretion by slashing the lodestar amount given that "a plaintiff who achieves excellent results should receive the entire lodestar, but where a plaintiff has achieved only partial or limited success, the lodestar may be an excessive amount." *Id. at 556 citing Hensley 461 U.S. at 435-36*. The court further deemed the plaintiff's $2,000.00 recovery as "severely limited" and stated that recovery should be considered a minimal victory in light of the time expended to achieve it. *Montanez at 556*.

(redacted, confidential)

Here, similarly, the lack of any notable success is evident. A ▇▇▇▇ recovery can only be considered minimal, especially in light of the hours Plaintiff's counsel has claimed to work to obtain the result. To claim that the outcome here was a good one stretches believability.

Further, a number of trial courts in the Northern District have recently reduced lodestar figures to account for plaintiff's lack of success on the merits. *Gibson v. City of Chicago, 873 F.Supp. 2d 975 (N.D.Il. 2012)* (lodestar figure reduced by 35% to account for plaintiff's partial success); *Wells v. City of Chicago, 925 F.Supp. 2d 1036 (N.D.Il. 2013).* (Three-fourths reduction of identified attorney's fees was warranted due to plaintiff's failure to prevail on her medical care claim; partial reduction was warranted based on plaintiff's limited success on the merits on certain counts). *Thorncreek Apartments I, LLC, et al. v. Village of Forest Park, et al., 2016 WL 4503559 (N.D.Il. 2016)* (Two-thirds reduction of the lodestar figure requested due to low degree of success; billing for summary judgment motion stricken).

7

Thus, if this Court is to award attorney's fees, the Defendants request that the $142,100.30 figure, after taking into account the Defendants' Amended Objections, be reduced by 50% to $71,050.50. (Defendants' Exhibit B)

### C.     The Defendants Object To $1,452.81 In Costs

The Defendants further assert that only $4,998.70 of the claimed costs are reasonable and necessary. That figure should be further reduced by 50% to $2,499.35 reflecting a 50% reduction in those costs commensurate with the Defendants' request to reduce the Plaintiff's attorney's fees.

As stated in Defendants' Amended Objections to the specific costs entries, a portion of those costs were unnecessary, inappropriate and excessive. (Defendants' Exhibit C.) Thus, those costs should not be assessed here.

### II. CONCLUSION

Defendants assert that Plaintiff's attorneys are not entitled to an award of fees and costs given that the Plaintiff cannot be considered a prevailing party with such a minimal recovery coupled with the vacated order of summary judgment.

Further, Plaintiff cannot be considered to have been successful on the merits given that nothing accomplished within the case was of any significant benefit to the Plaintiff or future plaintiffs in similar matters.

If this Court deems the Plaintiff's attorneys to be entitled to attorney's fees and costs, the Defendants request that the Morrissey firm only be awarded a total $73,549.50 in attorney's fees and costs which represent a reduction of 50% after taking into account Defendants' Amended Objections. The Defendants further submit that the Flaxman firm is not entitled to any fees or

costs given their lack of detail in their original billing statement submitted to the Defendants and their subsequent alteration of their billing following the filing of the Defendants' Objections.

**WHEREFORE**, Defendant COOK COUNTY, joined by Defendant SHERIFF OF COOK COUNTY, respectfully request this Honorable Court enter an Order denying Plaintiff's attorney's petition for fees and costs; alternatively, if this Court deems the Plaintiff's attorneys to be entitled to attorney's fees and costs, the Defendants request that the Morrissey firm only be awarded $73,549.50 in attorney's fees and costs which represents a reduction of 50% after taking into account Defendants' Amended Objections and reducing the post-objection figure of $147,099.00 by 50%. The Defendants respectfully submit that the Flaxman firm is not entitled to any fees or costs given their lack of detail in their original billing statements submitted to the Defendants and their subsequent alteration of their billing records following the filing of the Defendants' Objections.

Defendants further ask for any other relief this Court deems just and equitable.

Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN, LLP**

By: /ss/ Gerald M. Dombrowski
Special Assistant State's Attorney
Gerald M. Dombrowski

Gerald M. Dombrowski (6210375)
Special Assistant State's Attorney
SANCHEZ DANIELS & HOFFMAN, LLP
333 West Wacker Drive - Suite 500
Chicago, IL 60606
312-641-1555

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on December 19, 2017, I electronically filed the attached **DEFENDANT COOK COUNTY'S RESPONSE TO PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND EXPENSES** using the CM/ECF System which will send notification of such filing to the following:

William Morrissey
Thomas G. Morrissey, Ltd.
10150 South Western Ave.
Suite Rear
Chicago, IL 60643
(773) 233-7900
Email: patrickmorrissey1920@gmail.com

Thomas Gerard Morrissey
Thomas G. Morrissey, Ltd.
10150 South Western Ave.
Suite Rear
Chicago, IL 60643
(773) 233-7900
Email: tgmorrisseylaw@gmail.com


Joel A. Flaxman
Kenneth N. Flaxman P.C.
200 S Michigan Ave Ste 201
Chicago, IL 60604
(312) 427-3200
Email: jaf@kenlaw.com

Kenneth N Flaxman
Kenneth N. Flaxman, P.C.
200 South Michigan Avenue
Suite 201
Chicago, IL 60604-6107
(312) 427-3200
Email: knf@kenlaw.com

Anthony E. Zecchin
Cook County State's Attorney's Office
500 Daley Center
50 West Washington
Chicago, IL 60602
312 603 3373
Email: anthony.zecchin@cookcountyil.gov

James Emory Nichols
Cook County Office Of The State's Attorney
50 W. Washington
Suite 500
Chicago, IL 60602
(312)603-5595
Email: james.nichols2@cookcountyil.gov

Daniel E. Raymond
Steptoe & Johnson LLP
115 South LaSalle Street
Suite 3100
Chicago, IL 60602
312 577 1314
Email: Draymond@steptoe.com

Terance A Gonsalves
Steptoe and Johnson LLP
115 S LaSalle St, Chicago, IL 60603
Suite 3100
Chicago, IL 60603
312 577-1275
Email: tgonsalves@steptoe.com

11