IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNELL FLORA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15 C 1127 |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Donnell Flora, who at the time was a pretrial detainee at the Cook County Jail, sued Sheriff Thomas Dart and Cook County for violation of the Americans with Disabilities Act (ADA). Flora is a paraplegic and confined to a wheelchair. He sued alleging that he was assigned to cells that were unfit for wheelchair-bound detainees. The defendants—which have faced several lawsuits like Flora's—steadfastly refused to consider settlement at all stages of the case and fought tooth-and-nail for every inch of ground. The Court entered summary judgment in Flora's favor on the question of liability on most of his claims, *see Flora v. Dart*, No. 15 C 1127, 2017 WL 2152392 (N.D. Ill. May 17, 2017), and set the case for trial on damages, as well as on the claims on which liability was still at issue.

On the morning of trial, with a jury venire summoned and waiting, the defendants agreed to consider settlement for the first time. The parties settled the case, with Flora dismissing his remaining claims in return for payment of $2,500, and leaving the

determination of an award of attorney's fees to the Court. The defendants insisted on withdrawal of the Court's summary judgment decision as part of the settlement, presumably to avoid having an adverse precedent on the books. Flora did not care about this and agreed, as did the Court in order to avoid burdening the prospective jurors.

About a week later, the parties filed a stipulation and motion saying the following:

1. The Parties jointly move this Court to enter an Order vacating its May 17, 2017, Memorandum Opinion and Order (Dkt. Entry #149);

2. Defendants agree to pay Plaintiff a monetary settlement to release all claims relating to his detention at the Cook County Jail pursuant to the Parties' Confidential Settlement Agreement and General Release exclusive of attorney's fees and costs; and

3. The Parties agree to grant discretion to the Court to determine an appropriate amount of attorney's fees and costs.

Stipulation and Joint Motion for Entry of Order (dkt. no. 205) at 1. The Court entered an order stating that "[p]ursuant to the parties' stipulation documenting their settlement, their joint motion (dkt. no. 205) for entry of an order vacating the Court's 5/17/2017 memorandum opinion and order is granted, and that memorandum opinion and order (dkt. no. 149) is vacated." Dkt. no. 207 (order of 10/19/2017).

Flora then moved for attorney's fees and expenses, *as the parties' settlement expressly contemplated*. In response, the defendants took the rather outrageous position that due to Flora's agreement to vacate the Court's summary judgment opinion, Flora was no longer the prevailing party and was not entitled to a fee award. This was ridiculous—the defendants had *expressly agreed* to allow the Court to award attorney's fees to Flora, and their counsel had never disclosed when asking the Court to vacate its opinion that they planned to rely on that to deny fees altogether. After the Court raised

2

these problems, the defendants withdrew the contention. Thus it is undisputed, as it should have been all along, that Flora was the prevailing party in this case. The Court therefore proceeds to determine the amount of attorney's fees and costs to award to him.

The starting point for determination of a reasonable attorney's fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The party petitioning for fees bears the burden of showing the reasonableness of the time requested as well as the hourly rates. *Id.* at 437.

The figure derived from multiplying the hours reasonably expended by a reasonable hourly rate is referred to as the "lodestar." A court can adjust the lodestar based on twelve factors described in *Hensley*. *Id.* at 434 n. 9. The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n. 3. "However, 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Anderson v. AB Painting and Sandblasting Inc.,* 578 F.3d 542, 544 (7th Cir. 2009) (quoting *Hensley,* 461 U.S. at 434 n.9).

In his fee petition, Flora seeks recovery of fees for the following attorneys and paralegals at the rates and for the amounts of time listed below:

| Attorney/paralegal | Hours | Hourly rate | Total |
|---|---|---|---|
| Patrick Morrissey | 347.83 | $285 | $99,131.55 |
| Thomas Morrissey | 209.1 | $575 | $120,232.50 |
| Joel Flaxman | 15 | $375 | $5,625.00 |
| Kenneth Flaxman | 3.75 | $575 | $2,156.25 |
| Jessica Woodard | 40.1 | $125 | $5,012.50 |
| **Total** | | | $232,157.80 |

The defendants do not object to any of the requested hourly rates, so the Court adopts those rates.

### A.     Specific time entries objected to by the defendants

The defendants contend that certain of the attorney/paralegal time is unreasonable or unnecessarily duplicative and object for that reason. The Court rules on each of these objections as follows:

1.     *Briefing the summary judgment motion.* The defendants object to the time spent briefing the summary judgment motion, with the basis for the objection being that the summary judgment order was vacated. This is a frivolous objection. Flora *prevailed* on summary judgment; that's why the settlement happened. The fact that the defendants wanted the ruling vacated for whatever reason—presumably, as the Court noted earlier, to avoid having an adverse precedent on the books, does not make the time spent obtaining that ruling any less reasonable. The Court overrules this objection.

2.     *Duplicative time.* Defendants object to certain time claimed by Thomas Morrissey as unreasonably duplicative of time claimed by Patrick Morrissey (Thomas is the more senior attorney). It was not unreasonable to have two lawyers on the case, nor would it have been unreasonable to have two lawyers try the case. That does not mean, however, that seeking compensation for two lawyers for each and every task is reasonable. In petitioning for fees, an attorney is expected to exercise "billing

4

judgment"—i.e. "winnowing the hours actually expended down to the hours reasonably expended"—by culling hours that are excessive, redundant, or otherwise unnecessary, "just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) (internal quotation marks omitted).

Some of the attorney time to which the defendants object is not unreasonably duplicative or is not duplicative at all. This includes the entries of the two Morrisseys for a court-ordered inspection of relevant areas in the Cook County Jail on June 21, 2016; very modest amounts of time spent by Thomas Morrissey working on summary judgment briefs on various dates in January 2017; time spent by both reviewing medical records on October 2, 2017, and trial preparation time spent by both on October 7, 2017. It was reasonable for both Morrisseys to spend time on these tasks. Flora has withdrawn, however, 4.0 hours of Thomas Morrissey's time reviewing medical records on October 2, 2017, so the Court will eliminate this time.

The Court does, however, exclude certain of the two Morrisseys' time as unreasonably duplicative. A deposition of a high-ranking Sheriff's official named Matthew Burke was taken on various dates by, it appears, Thomas Morrissey. Both Morrisseys charged time to preparation and attendance for all or parts of the deposition. Under the circumstances, this is not reasonable, as two lawyers were not needed to cover this deposition. The Court excludes the time spent by Patrick Morrissey—not Thomas Morrissey as proposed—on this deposition: 3.0 hours on June 30, 2016; 1.2 hours on August 4, 2016; 3.5 hours on September 21, 2016; and 3.5 hours on September 23, 2016, for a total of 11.2 hours of Patrick Morrissey's time.

5

In addition, the Court excludes as unreasonably duplicative time spent by Patrick Morrissey when both attorneys were visiting Flora at Pinckneyville Correctional Center and later at Stateville Correctional Center. Though the Court certainly understands why both attorneys attended these meetings, given the large amount of time each took, billing judgment should have led counsel not to seek compensation for the time of one of the attorneys. The Court eliminates the less-senior Patrick Morrissey's time: 8.0 hours on September 20, 2017; 5.0 hours on September 24, 2017; 7.45 hours on September 25, 2017; and 4.5 hours on October 11, 2017, for a total of 24.95 hours of Patrick Morrissey's time.

The Court also eliminates 1.0 hours of Thomas Morrissey's time on May 24, 2017 and 1.5 hours on August 22, 2017 (for a total of 2.5 hours) in connection with status hearings that both Morrisseys attended; this, again, was not reasonably necessary from a billing standpoint. Finally, the Court excludes 3.2 hours of Patrick Morrissey's time on April 29, 2016 in connection with the deposition of a witness named Austin; again, it is not reasonable to charge for two attorneys for this deposition, and it appears that Thomas Morrissey took the deposition. In addition, Thomas Morrissey withdrew 8.0 of the 16.0 hours claimed for preparation for the third session of Burke's deposition. *See* Pet. for Atty's Fees at 11 ¶ 20.

3. *Attorney time of Kenneth and Joel Flaxman.* The Court overrules the defendants' objections to time spent during the early stages of the case by attorneys Kenneth Flaxman and Joel Flaxman, who later withdrew. Their time entries are sufficiently detailed to establish their reasonableness, nor was there any unreasonable overlap (or, in some instances, any overlap at all) with the Morrisseys' claimed time.

4.  *Summary of reductions.*  The total of the reductions ordered by the Court is 14.5 hours for Thomas Morrissey and 38.35 hours for Patrick Morrissey.  After accounting for these reductions, the lodestar amount is about $20,000 less than the original request, calculated as follows:

| Attorney/paralegal | Hours | Hourly rate | Total |
| --- | --- | --- | --- |
| Patrick Morrissey | 309.48 | $285 | $88,201.80 |
| Thomas Morrissey | 194.6 | $575 | $111,895.00 |
| Joel Flaxman | 15 | $375 | $5,625.00 |
| Kenneth Flaxman | 3.75 | $575 | $2,156.25 |
| Jessica Woodard | 40.1 | $125 | $5,012.50 |
| **Total** | | | $212,890.55 |

**B.    General reduction requested by defendants**

The defendants argue that the lodestar should be cut by one-half because of what they characterize as Flora's "lack of success on the merits"—specifically the $2,500 recovery.  The Court considers in this regard the *Hensley* factors as well as the following:  the difference between the amount sought and the amount recovered; the significance of the legal issues on which the plaintiff prevailed; and the public purpose of the litigation.  *See Johnson v. Daley*, 339 F.3d 582, 609 (7th Cir. 2003); *see generally Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

This was not a "success [that was] merely technical or de minimis."  *Johnson*, 339 F.3d at 609.  The litigation involved significant legal issues regarding ADA compliance, and it served a significant public purpose:  the defendants run a very large institution in which there are, at any given time, significant numbers of inmates with disabilities.  Suits like this one encourage Dart and the County to ensure that the jail has enough accessible facilities available to accommodate them—an issue on which the

defendants (at least via the lawyers who represented them in this case) were resistant throughout this litigation, until literally the morning of trial.

The manner in which the defendants litigated the case is also significant factor in the Court's view. If they had been willing to engage in the settlement process at a reasonably early date, the Court, based on its experience in similar litigation over the past nearly nineteen years, is confident that the parties could have achieved a settlement that would have provided Flora a reasonable recovery for a prisoner; a reasonable but modest fee for his attorneys; and, significantly, a savings to Cook County taxpayers of the six-figure amount they likely ended up paying their outside counsel. But instead—despite earlier similar cases, some of which they also lost—the defendants took a hardline approach in which they steadfastly refused even to consider settlement in the present case until a jury venire was sitting in the courthouse. And as the Court indicated earlier, they fought tooth-and-nail at every step of the way. By way of example, there were numerous discovery disputes in which the defendants resisted discovery, for the most part unreasonably. This required Flora's attorneys to repeatedly move to compel discovery. Indeed, based on the defendants' history in this case of noncompliance with discovery, the Court ended up having to preside over part of the aforementioned Burke deposition in the hope of heading off unreasonable objections by defense counsel. Finally, as the Court has discussed, the defendants refused to consider settlement, with their counsel making it clear on various occasions in conferences with the Court that they were hoping for a zero-damages award that would enable them to make an argument that no attorney's fees were warranted.

8

In short, the defendants gambled, staying in the game until the hole cards had to be shown, and they lost. The settlement amount of $2,500 is, to be sure, a modest sum and well below Flora's $60,000 settlement proposal. But for a prisoner like Flora who by the time the case was over had been convicted and sentenced to a long prison term, it is nothing to sneeze at. And with the defendants unwilling to make any offer *at all*, what were Flora and his attorneys to do—simply walk away? Had they done that, the significant violation of the rights of a disabled person that Flora experienced would have been, for all practical purposes, swept under the rug.

It may seem incongruous to seek a significant six-figure fee award for a claim that was ultimately settled for $2,500. It would be even more incongruous, however, to allow the defendants to litigate the case to the hilt and then successfully argue that the plaintiff should have prosecuted it more cheaply. *See, e.g., Barrow v. Falck,* 977 F.2d 1100, 1104 (7th Cir. 1992); *see also City of Riverside v. Rivera,* 477 U.S. 561, 581 n.11 (1986) (a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."). The two sets of outside attorneys that Dart and Cook County retained after Flora obtained summary judgment on liability spent over 440 hours in total time—a little over 250 hours for outside counsel for the County and 190 hours for outside counsel for Dart. For the County's outside counsel, this time was nearly all spent over a period of only about seven weeks, and for Dart's outside counsel, this time was spent over an even shorter period, three weeks. Neither of them had to spend a minute of time preparing a complaint or answer, conducting discovery, dealing with motions to compel discovery, or briefing the summary judgment motion. To be sure, it's not entirely fair to compare both defense

firms' time with just one firm's time on the plaintiff's side. But the fact that one firm on the defense side spent over 200 hours in the last seven weeks before trial suggests that the total of 560 hours spent by Flora's attorneys and paralegal for the *entire case*—including conducting discovery, fighting numerous discovery battles, and briefing the motion for summary judgment—is anything but wildly excessive.

The Court does believe that a reduction to account for the modest settlement that Flora accepted is appropriate, but nowhere near the percentage sought by defendants. The Court reduces the lodestar amount of $212,890.55 by twenty percent, or $42,578.11. The results in a net award of $170,312.44 in attorney's fees. Finally, the Court sees no appropriate basis to reduce the $6,451.31 in out-of-pocket expenses claimed by Flora's attorneys. All of the amounts that make up this total were reasonably expended.[1]

### Conclusion

For the reasons stated above, the Court grants plaintiff's petition for attorney's fees and expenses and awards plaintiff attorney's fees of $170,312.44 and expenses of $6,451.31.

Date: June 9, 2018

```
                                          _____
                                          MATTHEW F. KENNELLY
                                          United States District Judge
```

---

[1] The approximately $1,450 disputed by defendants consists almost entirely of travel-related costs incurred in visiting Flora in the downstate prison where he was incarcerated. The visits were reasonably necessary, and the expenses associated with them were likewise reasonable.